

IN THE
TENTH COURT OF APPEALS

No. 10-08-00203-CV

RON BRANEFF,

Appellant

v.

ANN TROUTMEN,

Appellee

From the 82nd District Court
Robertson County, Texas
Trial Court No. 06-02-17447-CV

CONCURRING OPINION

If I were writing on a clean slate, I would affirm the trial court's determination. Specifically, I would find that probable cause existed for Troutman to report the evidence in her possession to the appropriate authorities. This is made more clear when you consider that Troutman is an attorney and is, presumably, more likely to be aware that forgery is not limited to signing someone else's signature, but can also be the use of a document, passing, by a person who knows the signature is not authentic or uses a document for an unauthorized purpose. *See* TEX. PENAL CODE ANN. § 32.21 (Vernon Pamp. 2010).

But I do not write on a clean slate. Based on my review of the case authority, I believe the elements of probable cause and malice have become largely redundant in a case with facts such as those before us. If we cannot clearly separate the element of probable cause from malice, in a case like this where there seems to be an abundance of evidence of ill will between the parties, it will be impossible to not have some evidence of the lack of probable cause; but it is the same as the evidence of malice.

I would separate these elements by making the lack of probable cause element be an objective test: Would a reasonable person, essentially a magistrate, who knew the facts known to the complainant, have probable cause to believe that a crime had been committed? If we apply the same test in civil cases as we do in criminal cases to the question of probable cause, the actor's subjective motives are not considered in determining probable cause. *See Whren v. United States*, 517 U.S. 806, 813, 116 S. Ct. 1769, 135 L. Ed. 2d 89 (1996). After all, in the civil context of malicious prosecution, there is a separate element to consider that; the malice element.

Thus, I would join the three justice on the Texas Supreme Court who have stated

A re-examination of our holding that lack of probable cause will support an inference of malice without further examination of the evidence may well be in order.

*Kroger v. Suberu*, 216 S.W.3d 788, 798 (Tex. 2006) (Justice Johnson dissenting, joined by Justices Medina and Wainwright).

This case presents the inverse of *Kroger's* inference of malice. It is the ability to show malice from which an inference of the lack of probable cause is being drawn. As indicated, I would clearly separate the two with objective and subjective analysis,

respectively. Without such a separation, we risk keeping a person who has a history of a bad relationship with another person from reporting an actual crime due to the fear of being sued for malicious prosecution if the person is acquitted – as distinguished from being innocent. *See Kroger* at 792 fn 2. But also, as indicated, I do not write on a clean slate and, accordingly, concur in the Court's opinion and judgment.


TOM GRAY
Chief Justice

Concurring opinion delivered and filed November 17, 2010